UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVANTA CRENSHAW, CDCR #BN-0050,<br><br>                              Plaintiff,<br><br>vs.<br><br>CDCR California State Prison Los Angeles County and CDCR Richard J. Donovan Correctional Facility,<br><br>                              Defendants. | Case No.:  23-CV-312 JLS (DEB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

On February 14, 2023, Plaintiff Davanta Crenshaw, a state prisoner housed at the Richard J. Donovan Detention Facility ("RJD") in San Diego, California, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to Proceed *In Forma Pauperis* ("IFP").  ECF Nos. 1, 2.  Plaintiff claimed his due process rights were violated when inmate grievances he filed while housed at RJD and California State Prison, Los Angeles County ("LAC") in Lancaster, California, were granted but he did not receive the $5 billion in compensation he requested.  ECF No. 1 at 3.

On March 7, 2023, the Court granted Plaintiff leave to proceed IFP and dismissed the Complaint with leave to amend for failure to state a claim.  ECF No. 5.  On March 20, 2023, Plaintiff filed a First Amended Complaint ("FAC").  ECF No. 6.

I.      Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

    A.      Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

    B.      Plaintiff's Allegations

Plaintiff alleges that on January 24, 2023, his 602-inmate grievance log #336879 was granted but that he has not received the $5 billion he requested as a remedy. ECF No.

6 at 3.  Because of his prior experience with the inmate grievance system, he decided not to file a third 602-inmate grievance complaining of the failure to provide him with his requested remedy but to instead initiate this civil action.  *Id*.  He claims that in granting his 602-inmate grievance, the Defendants, RJD and LAC, admitted they violated his due process rights, and by failing to pay the money he requested they have caused him pain and suffering.  *Id*.  He seeks monetary compensation of $5 billion.  *Id*. at 7.

Attached to the FAC are copies of several 602-inmate appeals and responses by the California Department of Corrections and Rehabilitation Office of Grievances.  ECF No. 6-1; ECF No. 6-2.  These documents indicate that on August 9, 2022, Plaintiff filed a 602-inmate grievance log #290213 complaining that the time constraints for responses on his prior three 602-inmate grievances, log #263081, #256732 and #259908, had not been followed.  ECF No. 6-1 at 8.  On August 20, 2023, the Office of Grievances granted the grievance on the basis that the delayed responses were caused by the Centralized Screening Team inadvertently assigning all three grievances a new log number because they were all appealing issues with other grievances.  *Id*. at 2–4.  On November 19, 2022, the Office of Grievances granted 602-inmate grievance log #327575, which complained that the time constraints had not been properly followed in addressing a prior 602-inmate grievance Plaintiff filed at RJD complaining of an incident at LAC, explaining again that the Centralized Screening Team had inadvertently assigned it a new log number.  *Id*. at 10–11. Finally, on January 24, 2023, the Office of Grievances granted Plaintiff's 602-inmate grievance log #336879, the one at issue here.  ECF No. 6-2 at 5–6.  That decision indicated that although a response to grievance log #309973 was mailed prior to its due date, they could not confirm or deny whether Plaintiff received it, and because it involved a claim which occurred at LAC, it had been transferred there.  *Id*.  The "remedy" section of that response states in full: "A copy of the response to grievance log #209973 [sic] has been included for the claimant's convenience."  *Id*.

/ / /

/ / /

### C. Analysis

Plaintiff once again claims in the FAC that he was denied his right to due process from the failure of the two Defendants, RJD and LAC, to pay his demand of $5 billion included in the inmate grievance they granted. The original Complaint contained these same allegations and was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) for failure to state a 42 U.S.C. § 1983 claim upon which relief may be granted. ECF No. 5.

As Plaintiff was informed in the Court's prior Order of dismissal, *see id*. at 5, "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "The Supreme court has held that a State creates a protected liberty by placing substantive limitations on official discretion, [and] that to obtain a protectable right an individual must have a legitimate claim of entitlement to it, [but] there is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citations and quote marks omitted). Plaintiff is unable to pursue a claim for denial of due process based on allegations of untimely processing of his inmate grievances or the failure to pay his monetary demands therein because there is no protected liberty interest or independent constitutional right to a prison administrative appeal or grievance system. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." (citing *Mann*, 855 F.2d at 640)).

Plaintiff's FAC is dismissed for failure to state a 42 U.S.C. § 1983 claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). Because it is now absolutely clear Plaintiff cannot cure this defect of pleading a 42 U.S.C. § 1983 claim by the allegation of other facts, this action is dismissed without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint

could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))).

### III.  Conclusion and Orders

Good cause appearing, the Court **DISMISSES** Plaintiff's First Amended Complaint without further leave to amend for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).  The Clerk of Court shall enter final judgment accordingly.

**IT IS SO ORDERED**.

Dated:  April 25, 2023

Hon. Janis L. Sammartino
United States District Judge